**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C. Jerry Colton,  )  | No. 04-CV-1168-PHX-FJM |
| )| |
| Plaintiff,  )  | **ORDER** |
| )| |
| vs.  )  | |
| )| |
| )| |
| Equidata, Inc., et al.,  )  | |
| )| |
| Defendants.  )  | |
| )| |
| _____)  | |

**I.**

Plaintiff disputes a bill from Cox Communications ("Cox"). Cox transferred the bill to defendant Equidata, Inc. ("Equidata") for collections. Plaintiff alleges that Equidata violated the Fair Credit Reporting Act by "failing to follow reasonable procedures to assure maximum possible accuracy in preparing consumer reports" and "failing to delete inaccurate information in the plaintiffs [sic] credit file after receiving actual notice of such inaccuracies and conducting or failing to conduct a reinvestigation and reporting account dispute [sic]." Complaint at 5. The court has before it plaintiff's Motion for Summary Judgment (doc. 26), defendant's Response to the Motion for Summary Judgment and Cross-Motion for Summary Judgment (doc. 33), plaintiff's Reply and Response to the Cross-Motion for Summary Judgment (doc. 35), and defendant's Reply (doc. 39).

**II.**

Plaintiff alleges that Equidata violated 15 U.S.C. §§ 1681e(b) and 1681i(a). Complaint at 5. Both sections require Equidata to be a "consumer reporting agency." Consumer reporting agency is defined as:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). To prove that Equidata is a consumer reporting agency, plaintiff sets forth a collections notice that Equidata sent to plaintiff, is written on Equidata's letterhead, includes the company's fictitious name, Peninsula Credit Bureau, and states:

> This account has been placed with our agency for collection. In order to have service restored in your name you must send this balance in full to our office. Failure to do so may result in this item being placed on your personal credit file. This may affect your ability to obtain credit as it may remain on your file for the next seven years.

Plaintiff's Statement of Facts at 1, CJC 40. This is merely a collections letter that warns plaintiff that the failure to pay his debts will affect his credit, and does not prove that Equidata is a consumer reporting agency.

As additional evidence that Equidata is a consumer reporting agency, plaintiff sets forth Equidata's letterhead, which lists the three divisions of the corporation: the Credit Bureau Services Division, the Mortgage Credit Reporting Division, and the Collection Services Division. Id. at 1, CJC 1. This letterhead is also insufficient to prove that Equidata is a consumer reporting agency because it does not fulfill the requirements of 15 U.S.C. § 1681a(f). Plaintiff also sets forth his credit report, issued by Premier Information Center, which shows that Equidata is the company collecting on Cox's bill. Id. at 1, CJC 43-44. This could prove that Equidata is a collections agency, but does not prove that Equidata is a consumer reporting agency.

1  Plaintiff did not establish that Equidata is a consumer reporting agency, and therefore
2  cannot establish that Equidata is liable under 15 U.S.C. §§ 1681e(b) and 1681i(a).
3  Accordingly, we grant summary judgment for Equidata on both claims for relief (doc. 33).
4  However, even if plaintiff had established that Equidata is a consumer reporting
5  agency, plaintiff's claims would not have survived summary judgment because there is no
6  evidence that Equidata was acting as a consumer reporting agency.  Plaintiff's claims–the
7  failure to comply with consumer reporting accuracy requirements, 15 U.S.C. § 1681e(b), and
8  the failure to follow procedures to investigate disputed information in the consumer's file, 15
9  U.S.C. § 1681i(a)–clearly apply to consumer reporting activities.  These claims do not apply
10 here, where defendant acted only as a collections agency, and not as a consumer reporting
11 agency.  See Anthony Rodriguez et al., Fair Credit Reporting §2.6.1 (5th ed. 2002).

**III.**

13 In addition to the claims raised in the Complaint, plaintiff attempts to raise new claims
14 for violations of 15 U.S.C. §§ 1681(a), 1681s-2(b) and 1692f(1) in the Motion for Summary
15 Judgment.  Plaintiff's Motion for Summary Judgment at 4-5.  We need not consider these
16 newly raised allegations because plaintiff failed to give Equidata fair notice of the claims,
17 Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957); FED. R. CIV. P. 8(a); plaintiff
18 failed to move for leave to amend the complaint to include these claims; and the time for
19 filing such motions under the Rule 16 Scheduling Order has expired (doc. 24).

**IV.**

21 Plaintiff accuses Equidata of perjury, and Equidata's counsel of suborning perjury.
22 Plaintiff objects to Thomas E. Cucuel's statement, that "[n]either the Credit Bureau Services
23 Division nor the Mortgage Credit Reporting Division of Equidata had any contact with
24 Plaintiff in connection with his Cox account which was referred to Equidata from Cox for
25 collection."  Defendant's Statement of Facts, Exhibit A at 2; Plaintiff's Reply at 1.  Plaintiff's
26 objection arises from Equidata's organizational structure.  Equidata is a corporation, which
27 also operates under the fictitious name Peninsula Credit Bureau.  Reply at 3.  Equidata is
28 comprised of three divisions: the Credit Bureau Division, the Mortgage Credit Reporting

1  Division, and the Collection Services Division. Reply at 2.  Plaintiff argues that because he
2  received correspondence under the name Peninsula Credit Bureau, he must have had contact
3  with the Credit Bureau Division and the Mortgage Credit Reporting Division. Plaintiff's
4  Reply at 1.  However, Equidata argues that the correspondence came from the Collection
5  Services Division. Defendant's Reply at 2.  Plaintiff sets forth no evidence to suggest that
6  he had contact with the Credit Bureau Division or the Mortgage Credit Reporting Division.
7  Therefore, we conclude that there is no evidence to support a finding that Equidata
8  committed perjury, or that Equidata's attorney suborned perjury.

## V.

**IT IS ORDERED DENYING** plaintiff's Motion for Summary Judgment (doc. 26).

**IT IS FURTHER ORDERED GRANTING** defendant's Motion for Summary Judgment (doc. 33).

DATED this 14th day of December, 2005.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge